OLMSTED et al. v. MEAHL, County Clerk, et al.

WILCOX et al. v. SAME.

(Supreme Court, Special Term, Erie County.   January, 1916.)

1. OFFICERS ⊜⟶11—APPOINTMENT—CIVIL SERVICE.
    Under Const. art. 5, § 9, providing for appointment, after competitive examination and according to merit and fitness, of officers of the state and its civil divisions, including cities and villages, it was intended that all appointive positions in civil service should be taken over by the state, to the exclusion of the elective officers.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 13;  Dec. Dig. ⊜⟶11.]

2. CLERKS OF COURTS ⊜⟶6—APPOINTMENT—DEPUTIES—CIVIL SERVICE.
    Under Const. art. 5, § 9, providing for appointment, after competitive examination and according to merit and fitness, of officers of the state and its civil divisions, including cities and villages, special deputy clerks for the various parts of the Supreme Court are included, and cannot be appointed merely at the pleasure of the clerks.
    [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 12–20;  Dec. Dig. ⊜⟶6.]

3. CLERKS OF COURTS ⊜⟶1—CIVIL SERVICE—STATE OFFICERS—COUNTY CLERKS.
    The county clerk, when acting as clerk of the court, and his deputies and special deputies in like service, are part of the state judicial system, and are state officers, under Const. art. 6, § 19, providing that clerks of the several counties shall be clerks of the Supreme Court, with powers and duties as prescribed by law.
    [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 1;  Dec. Dig. ⊜⟶1.]

4. CLERKS OF COURTS ⊜⟶6—SPECIAL DEPUTY CLERKS—APPOINTMENT.
    The appointing power, regarding special deputy county clerks, is not in the clerk of the Supreme Court, although the county clerks are officers of the Supreme Court, but is in the county clerk as a county officer.
    [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 12–20;  Dec. Dig. ⊜⟶6.]

5. STATES ⊜⟶168½—ACTIONS BY TAXPAYERS.
    The right of a taxpayer to sue to prevent waste or any illegal act of an officer, conferred by Code Civ. Proc. § 1925, or Laws 1892, c. 301, or Civil Service Law (Laws 1899, c. 370) § 27, is limited to acts of county, city, town, or village officers, and does not authorize an action against a state officer.
    [Ed. Note.—For other cases, see States, Dec. Dig. ⊜⟶168½.]

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. COUNTIES ⊜⇒196(4)—RIGHTS OF TAXPAYERS—ACTIONS.

Where a county clerk-elect announced his intention to appoint deputy clerks without an examination under civil service, it was the taxpayer's right immediately to bring action to prevent the illegal act, and he need not wait until its commission.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. ⊜⇒196(4).]

7. CLERKS OF COURTS ⊜⇒6—CIVIL SERVICE—APPOINTMENT—EXCEPTIONS.

Civil Service Law (Consol. Laws, c. 7) § 13, subsec. 3, excepting from the civil service certain officers, does not apply to special deputy clerks of the Supreme Court, especially in view of subsection 4, providing that no office shall be in the exempt class unless specifically named, so that such officers must be chosen from a list of eligibles who have passed an examination according to merits.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 12–20; Dec. Dig. ⊜⇒6.]

Actions by John B. Olmsted and another and by Ansley Wilcox and another against John H. Meahl, as County Clerk of Erie County, and others. Heard on defendants' motions to dissolve temporary injunctions. Motions denied.

Simon Fleischmann, of Buffalo, for plaintiffs.

Percy S. Lansdowne, Paul J. Batt, and John T. Ryan, all of Buffalo, for defendants.

POOLEY, J. Defendants' motions to dissolve temporary injunctions. These actions are by taxpayers to prevent the county clerk of Erie county from performing alleged illegal acts, viz.: The appointing of special deputy clerks for the different parts of this court and the County Court. Issue has not yet been joined by the service of answers, but there is no dispute on the facts stated in the papers; the contention being that the plaintiffs cannot maintain these actions, and therefore that the injunctions granted should be vacated.

The plaintiffs contend that the county clerk recently elected cannot appoint to those positions, except from a certified list from the civil service commission; the appointees having qualified by a competitive examination. The defendant Meahl contends that these positions are in the exempt class, and therefore subject to his personal appointment, without regard to the rules of the civil service commission.

[1] There can be no contention as to the language of the Constitution (article 5, § 9):

"Appointments and promotions in the civil service of the state, and of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive. * * * Laws shall be made to provide for the enforcement of this section."

It is plain that it was intended that all appointive positions in the civil service should be taken over by the state, to the exclusion of officers elected, and who, theretofore and in the not distant past, had the naming of such appointees from their personal friends or political associates. Pursuant to this mandate of the Constitution, the Legislature enacted the Civil Service Law (Consol. Laws, c. 7), which provides (section 8):

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"It shall be the duty of all officers of the state of New York or of any civil division thereof to conform to and comply with and to aid in all proper ways in carrying into effect the provisions of this chapter, and the rules and regulations prescribed thereunder and any modification thereof."

Section 13 provides for certain exemptions, and section 14 declares that all others in the classified service shall be in the competitive class, the merit and fitness of whom shall be determined by competitive examination. In certain emergencies, temporary appointments may be made as provided in section 15. Acting under the provisions of the Civil Service Law, the commissioners have classified the positions in question in the competitive class, and are prepared to hold a competitive examination for the purpose of furnishing qualified applicants for any vacancy which may occur.

After his election, but before taking office, Mr. Meahl, the county clerk-elect, publicly announced that, as soon as he qualified and entered upon his duties as county clerk, he would remove certain named special deputy clerks and appoint the defendants, other than he, to the positions. Thereupon the first of these actions was begun, December 31, 1915, to prevent this threatened action of the county clerk-elect; and subsequently the second action was commenced after January 1, 1916. Temporary injunctions were issued in each case, restraining the acts of the county clerk-elect until the disposition of the issues.

Defendant, Meahl, moves to vacate the injunctions on the ground that the court has not jurisdiction, for the reason that the defendants are state officers, and the only authority for actions of this character is found either in section 1925 of the Code of Civil Procedure, or chapter 301, Laws of 1892, of section 27 of the Civil Service Law (chapter 370, Laws of 1899), all of which are confined to officers of a county, town, city, or incorporated village of the state.

Section 19, art. 6, of the Constitution, provides as follows:

"Clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law."

And it is contended that, while Mr. Meahl was elected county clerk, he was appointed clerk of the Supreme Court, and that therefore he, as well as his deputy and special deputy clerks, are state officers, and hence not subject to the provisions of law authorizing an action to prevent illegal acts. I have not been able, through the press of other cases, to present as fully as I should wish the results reached on the many questions presented by counsel, who seem to have exhausted the subject on both sides. Briefly, therefore, and without extended comment, I will state the conclusions reached on some of the more important phases of the case.

[2] 1. The Constitution is plain, that the people of the state did not delegate the appointing power for appointive officers to any one, except from a list of qualified persons, determined by a competitive examination; and I think it is equally plain that the position of special deputy clerks for the various parts of the Supreme Court and the County Court is within the contemplation of the said provisions.

[3] 2. The county clerk, when acting as clerk of the court, and

his deputies and special deputies in like service, are part of the judicial system of the state, and are therefore state officers while engaged in such service.

[4] 3. The appointing power, regarding these positions of special deputy clerks, is not vested in the clerk of the Supreme Court, as a state officer, but in the county clerk, a county officer.

[5] 4. The right of a taxpayer to bring suit to prevent waste, or to prevent any illegal act, is limited to acts of county, city, town, or village officers, and does not authorize an action against a state officer. While the reason for this is not apparent, still such is the fact.

[6] 5. The action commenced against the county clerk-elect, in December, is properly brought. The clerk himself furnished all the facts necessary, in that, after his election he publicly announced, through the press and otherwise, that upon entering upon the duties of his office, he would remove certain of the special deputy clerks and personally appoint their successors. If a taxpayer has the right to bring an action to prevent an illegal act, it would be incomprehensible to hold that the citizen must wait until the illegal act has been committed before he could exercise his right.

At the time of the commencement of the first action he had been declared elected, and had qualified by taking the oath of office and filing his official bond. Nothing remained except to await the stroke of 12, midnight, of December 31st, and immediately thereafter he became county clerk in fact, and could instantly have made the contemplated removals and appointments, which he had given notice that he would make. The citizen may have had a remedy after the alleged wrongful removal and appointment of successors, but I think he had the right to act at once upon the facts above stated.

[7] 6. In my opinion, Civil Service Law, § 13, subsec. 3, does not apply to these offices of special deputy clerk. These positions have been well known for many years, and if it was the intention to exempt them, it would have been a simple matter to so state. Subsection 4 of said section 13 provides that:

"No office or position shall be deemed to be in the exempt class unless it is specifically named in such class in the rules. * * *"

The orders made restrain the clerk from making any removals or new appointments until the further order of the court. The clerk has accordingly retained the special deputy clerks in office on December 31st, and, inasmuch as it appears that no incompetency is charged in any case, the orderly way will be to continue them until such time as their successors are appointed according to law.

The motion to dissolve the injunctions is denied.